NOTICE

Decision filed 12/31/25. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2025 IL App (5th) 250277-U

NO. 5-25-0277

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| BLAKE L. PHELPS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Petitioner-Appellant, | ) | Marion County. |
| | ) | |
| v. | ) | No. 24-FA-33 |
| | ) | |
| LINDSAY E. TRUSTY, | ) | Honorable |
| | ) | J. Marc Kelly, |
| Respondent-Appellee. | ) | Judge, presiding. |

_____

JUSTICE VAUGHAN delivered the judgment of the court.
Justices Hackett and Bollinger concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The circuit court did not err in denying petitioner's amended petition for visitation, where its findings regarding the best interests of the child were not against the manifest weight of the evidence, and where the incomplete record on appeal requires the presumption that the court's decision was properly based on legal authority and evidence presented.

¶ 2    Petitioner, Blake L. Phelps, appeals from the Marion County circuit court's denial of his amended petition for visitation. For the reasons explained below, we affirm the judgment of the circuit court.

¶ 3                                I. BACKGROUND

¶ 4    On April 9, 2024, petitioner filed a *pro se* petition to establish paternity with regards to a child born to respondent Lindsay E. Trusty on December 28, 2022. In his petition, he stated that he was currently incarcerated and was alleged to be the father of respondent's child. He further

wrote that, if testing showed that he was indeed the father, he would ask the court to also award him visitation and parenting time with her, as well as monthly updates on how she was doing and where she was residing. On July 26, 2024, petitioner filed a *pro se* petition for visitation, stating that he wished to have a relationship with his daughter and requesting that the court establish visitation between himself and the child.

¶ 5    He filed an amended petition for visitation on September 30, 2024, repeating his request, and adding additional supporting facts and arguments. He alleged that respondent acknowledged that he was the child's natural father but had denied all of his requests for visitation or contact via mail. Petitioner explained that the correctional facility where he was incarcerated had a children's visiting room that could accommodate his visitation, and that "third parties and social service agencies" could provide transportation for the child to visit him. He further argued that he loved his child and that depriving her of visitation harmed her mental and emotional health because she was denied a relationship with one of her parents. Petitioner also cited to section 607 of the Illinois Marriage and Dissolution of Marriage Act (Marriage Act) (750 ILCS 5/607 (West 2014)) as supporting authority.[1]

¶ 6    The circuit court entered an order on October 7, 2024, explaining that petitioner had failed to serve respondent with any of his prior filings. On October 30, 2024, petitioner wrote to the court that he had served respondent and attached the proof and certificate of service. He subsequently refiled his amended petition. The circuit court held a hearing on this petition on March 27, 2025, after which it entered a docket order denying petitioner's request for visitation.

---

[1]This section of the Marriage Act was repealed pursuant to Pub. Act 99-90, § 5-20 (eff. Jan. 1, 2016) (repealing 750 ILCS 5/607). It previously provided that a noncustodial parent was entitled to reasonable visitation rights unless the court found that visitation would be a serious danger to the child. 750 ILCS 5/607 (West 2014).

¶ 7     In the docket entry, the circuit court noted that respondent was not willing to provide transportation or otherwise allow for visitation to take place, due to prior domestic violence between the parties. The court found that it would be neither "feasible to require the victim of domestic violence to bring the child to and from visits with her abuser," nor "in the best interests of the minor to require 2 hour round trip transportation by a state agency given her young age." However, the circuit court did rule that respondent was to provide petitioner with photos of the child, and petitioner was permitted to write letters to the child; both submissions were to be conducted through an agreed-upon third party.

¶ 8     Petitioner now appeals from the circuit court's March 27, 2025, ruling. Respondent did not file a response.

¶ 9                                    II. ANALYSIS

¶ 10     We initially note that the record on appeal does not contain any documentation of the March 27, 2025, hearing at issue. It is the appellant's duty to provide a sufficiently complete record of the lower court proceedings to support his claims on appeal. *Midstate Siding & Window Co. v. Rogers*, 204 Ill. 2d 314, 318-19 (2003). If the relevant proceedings were not recorded and no transcript exists, the appellant is obligated to file a bystander's report or an agreed statement of facts. *Id.*; Ill. S. Ct. R. 323(c), (d) (eff. July 1, 2017). In the absence of a sufficiently complete record on appeal, "the reviewing court will presume that the order entered by the trial court was in conformity with the law and had a sufficient factual basis. [Citations.] The court will resolve any doubts arising from the incompleteness of the record against the appellant." *Rogers*, 204 Ill. 2d at 319; see also *Foutch v. O'Bryant*, 99 Ill. 2d 389, 392 (1984). Furthermore, petitioner is not entitled to a more lenient standard due to his *pro se* status and must abide by the same rules as an appellant who is represented by counsel. *Holzrichter v. Yorath*, 2013 IL App (1st) 110287, ¶ 78.

3

¶ 11    In the present matter, while the record on appeal does not include a transcript or other substitute documentation of the March 27, 2025, hearing on the amended petition for visitation, the circuit court did provide an explanation for its denial of petitioner's request in its docket order. Guided only by this explanation, as quoted above, we must presume that the circuit court's findings are properly supported by legal authority and the evidence presented at the hearing.

¶ 12    The Marriage Act provides that a parent "who is not granted significant decision-making responsibilities for a child is entitled to reasonable parenting time with the child." 750 ILCS 5/602.8 (West 2024). Our supreme court has long held that the "best interests of the child is the 'guiding star' by which all matters affecting children must be decided." *In re Parentage of J.W.*, 2013 IL 114817, ¶ 41. In *In re Parentage of J.W.*, the supreme court held that a biological father seeking visitation privileges bears the initial burden of showing that visitation would be in the child's best interests. *Id.* ¶ 53.[2] A court's best-interest determination will not be reversed on appeal "unless it is clearly against the manifest weight of the evidence and it appears that a manifest injustice has occurred." *Id.* ¶ 55.

¶ 13    Here, the circuit court explicitly found that affording petitioner visitation privileges would not be in the child's best interests. In explaining its decision, the court referenced the long distance that the two-year-old child would have to travel in order to visit her incarcerated father, as well as the lack of reasonable options for arranging such transportation. The court also found that awarding petitioner visitation would mean allowing a domestic abuser access to the victim of his abuse. While the court did not grant petitioner's request for visitation, it did allow him limited contact with the child, through writing letters to her and receiving photos of her. In light of the

---

[2]The decision in *In re Parentage of J.W.* was made under the now-repealed section 607 of the Marriage Act, which formerly provided for the visitation privileges of noncustodial parents, as we discussed above. Nevertheless, we find the decision instructive under the current version of the Marriage Act, as the "best interests of the child" standard remains applicable to the circuit court's decision here.

aforementioned presumption we must make that the circuit court's findings are grounded on proper legal and factual support, we find that the court's denial of petitioner's request for visitation was not against the manifest weight of the evidence, and was in the child's best interests.

¶ 14                                      III. CONCLUSION

¶ 15    For the reasons stated, the circuit court did not err in denying petitioner's amended petition for visitation. The judgment of the circuit court is affirmed.


¶ 16    Affirmed.